## THIRD DEPARTMENT, DECEMBER, 1955

### (December 23, 1955)

■ In the Matter of the Claim of THEODORE WHITE, Respondent, against IROQUOIS GAS CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

*Per Curiam.* Claimant was employed by a gas company, beginning in 1938; and in 1948 he noticed a condition in his hands which has been diagnosed as Dupuytren's contracture. This could readily have been found due to his employment. His work at that time included climbing ladders, turning valves, and handling hose.

His physician observed and first diagnosed as Dupuytren's contracture this condition in 1948 after claimant had noticed it. The condition did not then disable claimant, who continued working until August 6, 1951, when he was discharged by the employer for a cause having no connection with the disease. He thereafter filed a claim for compensation and was operated on for Dupuytren's contracture.

The beginning of his treatment at the hospital October 26, 1951, has been found the date of disablement for an "aggravation of Dupuytren's contracture" which has been found by the board as an occupational disease.

No date of contraction of the disease has been found by the board; but the board seems to have regarded such a finding as unnecessary in view of Workmen's Compensation Law (§ 40) which provides that the time limit of one year between contraction and disablement does not apply in a case in which claimant is in the same employment for the same employer.

The board has held, however, that the employment continued more than two months after claimant was discharged by the employer, because claimant was available for work and that therefore he was "in" the employment when disablement occurred. There is no substantial evidence in support of this finding. The undisputed evidence is that claimant was discharged on August 6th.

There may be circumstances where such a discharge is designed to avoid paying compensation in which the board might hold that employment continued, or that the employer was estopped from disputing continuance. Nothing of that sort exists here.

There is some medical testimony tending to show the aggravation of Dupuytren's contracture continued as long as claimant worked. If that is so and if the "aggravation of Dupuytren's contracture" is actually an occupational disease in the medical sense, the board could make an award for the disablement resulting within a year of the last harmful and contributing exposure without regard to the discontinuance of employment.

The award should be reversed and the claim remitted to the Workmen's Compensation Board for its further proceedings, with costs to appellant against the Workmen's Compensation Board.

Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.

Award reversed, and claim remitted to the Workmen's Compensation Board for its further proceedings, with costs to appellant against the Workmen's Compensation Board.

■ In the Matter of ROBERT GIRARD et al., Petitioners, against GEORGE STANTON, as Supervisor of the Town of Luzerne, Warren County.— Upon the report of the Official Referee assigned by the court to hear this matter, the proceeding is dismissed, without costs. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.